**FILED**

**December 6, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:25 AM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | |
|---|---|
| David Raine,<br>　　　　Employee,<br>v.<br>White Castle,<br>　　　　Employer,<br>And<br>Trumbull Insurance Company,<br>　　　　Carrier. | Docket No.: 2015-06-0986<br><br>State File No.: 48420-2015<br><br>Judge Kenneth M. Switzer |

## COMPENSATION ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on December 6, 2016, upon the Motion for Summary Judgment filed by White Castle. In determining this motion, the Court considered all relevant filings and holds for the reasons set forth below that White Castle is entitled to summary judgment as a matter of law.[1] Therefore, Mr. Raine's claim is dismissed with prejudice to its refiling.

### History of Claim

This Court and the Tennessee Workers' Compensation Appeals Board drafted previous orders setting forth the facts, which factual summaries are incorporated by reference into this Order. The Court recaps only the facts relative to whether summary judgment is appropriate.

Mr. Raine allegedly sustained workplace injuries on two occasions: He alleged hurting his left shoulder while throwing a trash bag into a dumpster and later injuring his right knee by hitting it on a pallet. The dates of these incidents − of central importance to the determination of this matter − are unclear. Mr. Raine listed the date of injury on his Petition for Benefit Determination (PBD) as "August 2014." However, he told a claims adjuster in a recorded statement he injured his shoulder in "late July or early August,"

---

[1] The Court attached a listing of the technical record as an appendix, which documents it considered to reach its determinations.

and the knee injury occurred "around that same time." In his two separate affidavits, Mr. Raine listed the dates of injury in the caption as "07/01/2014 && [sic] 08/2014." In the March 2016 affidavit, he stated the shoulder injury occurred "sometime in July or August 2014," and the knee injury "occurred sometime later on a different occasion." Further, in his deposition testimony, when asked if he knew the date of the shoulder injury, Mr. Raine responded, "The exact date, no, but I just – I know the approximate time, month and time it happened." As for the knee injury, he testified it happened sometime after the shoulder injury, on a Tuesday evening, before he sought medical treatment on September 24, 2014.

Mr. Raine sought treatment with a variety of providers for his injuries, culminating with shoulder surgery in May 2015. He testified that he considered for the first time that workers' compensation might cover his alleged work-related injuries while treating with the surgeon. Prior to that point, he generally did not know anything about workers' compensation.

Mr. Raine gave written notice of the accident in a June 3, 2015 memo to his manager, stating that he sustained the shoulder injury "[s]ometime in July or August of last year (2014)," and, "not long after that, I hit the inside of my right knee against the wooden pallet[.]" White Castle denied the claim. Mr. Raine filed his PBD on August 19, 2015.

At Mr. Raine's request, this Court conducted a review of the file and denied the relief sought. *See generally Raine v. White Castle, et al.* No. 2015-06-0954, 2015-06-0955, 2016 TN Ct. Wrk. Comp. Cl. LEXIS ___, (Tenn. Ct. Workers' Comp. Cl. Sept. 2, 2016). The Court reasoned that Mr. Raine "repeatedly was unable to provide dates and times with specificity" regarding when the alleged work-related incidents took place. Thus, he failed to satisfy his burden to show that his injuries occurred in the course of employment, as required by Tennessee Code Annotated section 50-6-102(14)(A) (2015). The Court further found that White Castle did not pay benefits; Mr. Raine sustained his injuries sometime in late July or early August 2014; and he filed his PBD on August 19, 2015. Therefore, he failed to file a PBD within one year after the alleged accidents resulting in injury, barring his right to compensation under Tennessee Code Annotated section 50-6-203(b)(1) (2015).

Mr. Raine appealed. The Tennessee Workers Compensation Appeals Board affirmed this Court's findings of fact and conclusions of law in a memorandum opinion. Specifically, the Appeals Board wrote it had "no difficulty finding the trial court's determinations are supported by a preponderance of the evidence." *Raine v. White Castle, et al.,* No. 2015-06-0954, 2015-06-0955, 2016 TN Wrk. Comp. App. Bd. LEXIS 32, at *4-5 (Tenn. Workers' Comp. App. Bd. Oct. 14, 2016).

2

White Castle filed its Motion for Summary Judgment, a Statement of Undisputed Material Facts, a Memorandum of Facts and Law in Support of the Employer's Motion for Summary Judgment, and Exhibits. (T.R. 1-4.) White Castle also filed and served a copy of Rule 56 with the moving papers, in accordance with the Court's Practices and Procedures, to assist Mr. Raine, who is self-represented. (T.R. 5.) Mr. Raine failed to file a Response to the Summary Judgment Motion and supporting materials.

## Legal Principles and Analysis

Motions for summary judgment are governed by Tennessee Code Annotated section 20-16-101 (2016) and Tennessee Rule of Civil Procedure 56. Rule 56.03 requires that a motion for summary judgment "be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Rule 56.03 further requires any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant, and that such response shall be filed with the papers in opposition to the motion for summary judgment. The nonmoving party must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).

Rule 56.06 states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*

(Emphasis added). The Court of Appeals affirmed a trial court's grant of summary judgment where the non-moving party failed to file a response. *Williams v. Little,* No. M2008-02105-COA-R3-CV, 2009 Tenn. App. LEXIS 703, at *6 (Tenn. Ct. App. Oct. 20, 2009).

Here, White Castle fully complied with Rule 56's requirements and this Court's rule that it provide a copy of Rule 56 to Mr. Raine. Mr. Raine failed to file a response. The Court holds summary judgment is appropriate, and, by the plain language of Rule 56.06, this Court enters judgment against him.

**IT IS, THEREFORE, ORDERED** as follows:

1. White Castle's Motion for Summary Judgment is granted, and Mr. Raine's claim against White Castle for the requested workers' compensation benefits is dismissed on the merits with prejudice to its refiling. The Status Conference previously scheduled for January 9, 2017, is cancelled.

2. The filing fee of $150.00 for this cause is taxed to the Employer, White Castle, pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2015), to be paid within five days of the entry of this order, and for which execution may issue as necessary.

3. White Castle shall prepare and submit the SD-1 for this matter within ten days of the date of judgment.

   **ENTERED this the 6th day of December, 2016.**

   **Judge Kenneth M. Switzer**
   **Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice

4

of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2016).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2016).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7) (2016).**

# APPENDIX

Technical Record:
1. Employer/Carrier's Motion for Summary Judgment
2. Employer/Carrier's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment
3. Memorandum of Law in Support of Employer/Carrier's Motion for Summary Judgment
4. Exhibits
5. Tennessee Rule of Civil Procedure 56
6. Expedited Hearing Order
7. Appeals Board Memorandum Opinion

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order was sent to the following recipients by the following methods of service on this the 6th day of December, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| David Raine, self-represented | X | | X | 1701 Luton St., Apt. B, Nashville, TN 37207, ilagosian@gmail.com |
| Brett Burrow, Employer's attorney | | | X | Bburrow@burrowlee.com |

Penny Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6